■ WALTER J. MOONEY, JR., Individually and as Trustee of a Trust Created by WALTER J. MOONEY, Deceased, Appellant, v FRANCES E. MADDEN, Individually and as Trustee of a Trust Created by WALTER J. MOONEY, Deceased, et al., Respondents. [597 NYS2d 775] —Mikoll, J. Appeal from an order of the Supreme Court (Brown, J.), entered April 29, 1992 in Saratoga County, which, *inter alia,* granted defendants' cross motions for summary judgment dismissing the complaint.

The primary question presented on this appeal, as limited by plaintiff's brief, is whether a 1962 agreement by the trustees of testamentary trusts to vote the shares of stock in certain corporations held in the trusts in a certain way is binding upon the trustees and enforceable so that votes cast in violation of that agreement may be set aside and declared a nullity.

Although there are situations where a trustee of shares of corporate stock may validly be bound to vote those shares in a particular way, including being bound to vote for particular directors or officers, the instant case involves an agreement by the trustees that is outside the scope of the trustee's powers and which was not ratified expressly or impliedly by all of the beneficiaries *(see, In re Palmer's Will,* 132 NYS2d 311, 315-316). A trustee may bind the trust to an otherwise invalid act or agreement which is outside the scope of the trustee's power when the beneficiary or beneficiaries consent or ratify the

trustee's ultra vires act or agreement (see, 10 Bogert, Trusts and Trustees § 564, at 271-272; 12 Bogert, op. cit., § 688, at 183-186 [2d rev ed]). This beneficiary consent may be express or implied from the acceptance of the trustee's act or agreement and may be given either after or before the trustee's act, as when the beneficiary or beneficiaries direct the trustee to take the challenged act or enter into the agreement (see, ibid.). To be binding, beneficiary consent must be by all of the beneficiaries (see, id., § 564).

In the instant case the record indicates that the two beneficiary trustees are bound by the agreement because they signed it at its inception and have benefited from it for the 30 years it has been in existence and by presumptively consenting to their own actions as trustees. However, the will under which the trusts were established provides that plaintiff and defendant Frances E. Madden each have a life estate interest in the trust with the remainder interest passing to their respective issue. The record indicates that there are actual remainder issue of the two trustees and, thus, beneficiaries of the trust, but it does not indicate that they ratified or consented to the agreement or were parties to it. If they ratified it or consented to it they are bound by it. Additionally, there is the question of whether the acts of the trustees in signing the agreement and accepting its benefits while natural guardians of the respective infant beneficiaries, may have bound the infant beneficiaries.

In view of the foregoing, Supreme Court improperly grounded its decision on the invalidity of the agreement alone without considering whether the agreement had been consented to and/or ratified by the two trustees/beneficiaries and the remainder persons who also are beneficiaries. That part of the order of Supreme Court which granted the cross motions for summary judgment dismissing the complaint should therefore be reversed and the cross motions denied, so that the questions of fact may be resolved at trial.

Weiss, P. J., Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the cross motions; cross motions denied; and, as so modified, affirmed.