# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13–20367
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 30, 2014

RIGBERTO SIGARAN; GLORIA SIGARAN,

Lyle W. Cayce
Clerk

Plaintiffs–Appellants

v.

U.S. BANK NATIONAL ASSOCIATION,

Defendant–Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-3588

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

After U.S. Bank National Association ("U.S. Bank") instituted foreclosure proceedings against Roberto Sigaran and Gloria Sigaran (collectively "the Sigarans"), the Sigarans brought suit contesting the foreclosure. The district court granted U.S. Bank's motion to dismiss and denied the Sigarans leave to amend their complaint. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20367

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On April 5, 2006, the Sigarans borrowed $120,000 from Silverlakes Mortgage ("Silverlakes") for home improvements and executed a promissory note and deed of trust.  Silverlakes was the original lender of the note and the mortgagee.  The deed of trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as Silverlakes's beneficiary and nominee.  The deed of trust specifically stated that MERS had the "right to foreclose and sell the Property" and the right "to take any action required of [the] Lender."

The Sigarans' loan was later sold to a federally approved securitization trust, CSAB Mortgage-Backed Trust 2006-3 ("the Trust").  The Trust's Pooling and Servicing Agreement ("PSA") named U.S. Bank as the Trustee.  The PSA also specified that the Trust's closing date would be "[o]n or about October 30, 2006."  On August 30, 2008, MERS, as nominee for Silverlakes, assigned the Sigarans' note and deed of trust to U.S. Bank.

When the Sigarans defaulted on their mortgage, U.S. Bank instituted foreclosure proceedings.  On October 26, 2012, the Sigarans filed suit in Texas state court to contest the foreclosure.  U.S. Bank removed the case to federal district court and filed a motion to dismiss for failure to state a claim.  The district court granted the motion, dismissing the Sigarans' claims with prejudice and denying them leave to amend their complaint.  The Sigarans timely appealed.

## II.  JURISDICTION

The district court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.   Because this is a review of a final decision of the district court, this Court has jurisdiction under 28 U.S.C. § 1291.

## III.  STANDARD OF REVIEW

We review a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) de novo.  *Priester v. JP Morgan Chase Bank,*

No. 13-20367

*N.A.*, 708 F.3d 667, 672 (5th Cir. 2013).  We "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff."  *Id.* (citation and internal quotation marks omitted).

This Court reviews the denial of leave to amend a complaint for abuse of discretion.  *Id.* (citation omitted).  A court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  But "that generous standard is tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).  When determining whether to grant leave to amend, "the court may consider factors such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment.'"  *Priester*, 708 F.3d at 678 (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV.  DISCUSSION

The Sigarans raise several issues on appeal.  First, they argue that the district court incorrectly dismissed their claims to quiet title, for trespass to title, and for declaratory relief.  Second, they contest the district court's dismissal of their claims under the Texas Constitution.  The Sigarans also appeal the district court's dismissal of their fraud, equitable estoppel, and Truth in Lending Act ("TILA") claims.  Next, they claim the district court erred in failing to convert U.S. Bank's motion to dismiss into a motion for summary judgment.  Finally, the Sigarans argue the court erred in denying them leave to amend their complaint.  We address each issue in turn.

### A.  Quiet Title, Trespass to Title, and Declaratory Relief

The Sigarans claim the district court erred in two ways when it dismissed their title claims: (1) the district court erred in finding the Sigarans did not have standing to challenge the fact that the assignment of their loan

3

No. 13-20367

violated the PSA, and (2) the district court erred in finding U.S. Bank did not need to hold the note in order to foreclose.

### 1. Standing

The Sigarans claim that the assignment of their loan to the Trust violated the PSA. They point out that the PSA specified the Trust's closing date would be October 30, 2006, but that their loan was not assigned to U.S. Bank until August 30, 2008. The Sigarans argue the district court erred in finding that they do not have standing to challenge this alleged violation of the PSA. Specifically, they ask this Court to apply New York law to the question of standing and hold that they have standing to challenge the assignment of their loan to the Trust because that assignment was void under New York law.

We hold that under either New York or Texas law, the Sigarans do not have the right to challenge this violation of the terms of the PSA. Our recent decision in *Reinagel v. Deutsche Bank National Trust Co.*, 735 F.3d 220 (5th Cir. 2013), discussed whether borrowers, like the Sigarans, have standing under Texas law to challenge assignments that violated the PSA because they occurred after the PSA's closing date. In *Reinagel*, the borrowers argued that the assignment of their mortgage to a Deutsche Bank-governed trust violated the terms of the trust's PSA because the assignment took place after the closing date specified in the PSA. *Id.* at 228. We reasoned that, under Texas law, the borrowers "[had] no right to enforce [the PSA's] terms unless they [were] its intended third-party beneficiaries." *Id.* That is, they had no right to enforce the PSA unless it clearly appeared that the parties to the PSA intended for the borrowers to benefit from the contract. *Id.* We concluded that the borrowers had "fail[ed] to state any facts indicating that the parties to the PSA *intended* that benefit." Further, even if the borrowers were third-party beneficiaries, that status would only give them the right to sue for breach of the PSA; it would not automatically render the assignments void. *Id.* Like the borrowers in

4

*Reinagel*, the Sigarans cannot enforce the terms of the PSA unless they are third-party beneficiaries. The Sigarans have not argued that they are third-party beneficiaries, nor have they presented any facts that lead this Court to believe the parties to the PSA intended any benefit to the Sigarans. In fact, the Sigarans do not even address our decision in *Reinagel*. Thus, we hold that the Sigarans lack standing to challenge the assignment of their loan to the PSA under Texas law. *See also Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) (per curiam).

Further, even if we were to apply New York law, the Sigarans still would not have standing to challenge the assignment of their loan to the Trust. In order for the Sigarans to challenge the assignment of their loan, the assignment must be void, not merely voidable. "New York law provides that 'every sale, conveyance or other act of the trustee in contravention of the trust, except as authorized by this article and by any other provision of law, is void.'" N.Y. Est. Powers & Trusts Law § 7–2.4. But, as the district court correctly noted, New York courts have "treated *ultra vires* actions by trustees as voidable and capable of ratification." *See, e.g.*, *Mooney v. Madden*, 193 A.D.2d 933, 933–34 (N.Y. App. Div. 1993) ("A trustee may bind the trust to an otherwise invalid act or agreement which is outside the scope of the trustee's power when the beneficiary or beneficiaries consent or ratify the trustee's ultra vires act or agreement."). The assignment of the Sigarans' loan after the closing date makes that assignment voidable, not void, and thus the Sigarans lack standing to challenge the assignment under New York law.[1]

---

[1] The Sigarans also assert that the assignment of their loan to the Trust violated the PSA's terms because there was "no record of assignments to either the sponsor or depositor as required by the [PSA]." We first note that the PSA does not appear to contain this requirement. Further, even if this series of assignments were required under the PSA, the Sigarans would still lack standing to challenge the alleged violation of the PSA.

### 2. Split the Note

The Sigarans next argue that the district court erred when it did not apply the "split-the-note" theory that they urged before the district court. Applying the split-the-note theory to this case, they contend that, when MERS transferred their loan to U.S. Bank, the note and deed of trust were split. Thus, they argue, U.S. Bank held only the deed of trust, not the note, and so U.S. Bank could not properly foreclose. The Sigarans claim the law regarding whether the split-the-note theory applies is "not settled and that there is a substantial body of case law that supports the [theory]."

We disagree. In fact, this Court recently discussed the split-the-note theory in a published opinion, *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249 (5th Cir. 2013), which addressed facts nearly identical to those in this case. In *Martins*, MERS assigned the borrower's mortgage to a trust, and when the borrower defaulted on the loan, the trustee instituted foreclosure proceedings. *Id.* at 252. The borrower then argued that the trustee could not "foreclose because it was assigned only the mortgage, and not the note itself, by MERS." *Id.* at 253. We observed that "Texas courts have repeatedly discussed the dual nature of a note and deed of trust" and that those courts have also "recognized that the note and the deed-of-trust lien afford distinct remedies on separate obligations." *Id.* at 255 (citations omitted). This Court then held that where "the assignment explicitly included the power to foreclose by the deed of trust," MERS and the trustee "did not need to possess the note to foreclose." *Id.* Because those same facts are present here, we hold that the district court was correct that U.S. Bank "need not hold the note in order to exercise its authority to foreclose."

### B. Texas Constitutional Claims

The Sigarans next argue that the district court erred in finding that their claims under section 50(a)(6) of the Texas Constitution were time-barred. They

contend that their constitutional claims "are cast primarily as defenses" to U.S. Bank's foreclosure action.  Because the statute of limitations does not apply to defenses in Texas, they argue the district court erred in dismissing their Texas constitutional claims.

The problem with these arguments, as the district court correctly noted, is that this Court has previously held the four-year residual statute of limitations applies to constitutional infirmities under section 50(a)(6) of the Texas Constitution.  *See Priester*, 708 F.3d at 673–74.  Like the Sigarans, the borrowers in *Priester*, in an attempt to avoid foreclosure, sought a declaratory judgment that the lien against their home was void because it was executed in violation of section 50(a)(6) of the Texas Constitution.  *Id.* at 671–72.  We "conclude[d] that a [four-year] limitations period applies to constitutional infirmities under Section 50(a)(6)," *id.* at 674, and we also held that the claim accrues at the time the loan is made, *id.* at 676.

Here, the Sigarans' loan was made on April 5, 2006, yet they did not bring suit against U.S. Bank until October 26, 2012, more than six years after their claim accrued.  And despite the Sigarans' argument that their claims under the Texas Constitution are primarily defenses, their complaint specifically seeks affirmative relief: "[a] declaration that [U.S. Bank's] claim of right to foreclose is invalid and unenforceable."  Thus, the four-year statute of limitations bars their claim.

### C. Fraud, Equitable Estoppel, and TILA Claims

The Sigarans also argue that the district court erred in dismissing their fraud, equitable estoppel, and TILA claims, and they seek to incorporate by reference all the arguments made in their opposition to U.S. Bank's motion to dismiss.  Under the Federal Rules of Appellate Procedure and our precedent, however, appellants are required to brief arguments in order to preserve them. *See* Fed. R. App. P. 28(a)(8)(A) ("The appellant's brief must contain . . . the

argument, which must contain: appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies . . . ."); *see also Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).   Like the appellant in *Yohey*, the Sigarans "[have] abandoned these arguments by failing to argue them in the body of [their] brief."  *See Yohey*, 985 F.2d at 224–25.

## D.  Converting the Motion to Dismiss to a Motion for Summary Judgment

The Sigarans further contend that the district court erred when it failed to convert U.S. Bank's motion to dismiss into a motion for summary judgment. They point out that U.S. Bank attached two documents to its motion to dismiss—the Sigarans' Texas Home Equity Affidavit and Agreement and their Acknowledgement as to Fair Market Value of the Homestead Property.  The Sigarans argue that "when documents outside the pleadings have been submitted in connection with a motion to dismiss and discovery would be appropriate to resolve the issues raised in that motion, it is appropriate to allow discovery before converting the motion into one for summary judgment."

The district court, however, did not rely on those documents in making its ruling.  The additional documents were relevant to the merits of the Sigarans' claims under the Texas Constitution, but the district court did not reach the merits of those claims and instead dismissed them as barred under the statute of limitations.  *See supra* Part IV(B).  The mere presence of those documents in the record, absent any indication that the district court relied on them, does not convert the motion to dismiss into a motion for summary judgment.  *See Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995) (citation omitted).  Thus, the district court did not err in failing to convert U.S. Bank's motion to dismiss into a motion for summary judgment.

**E. Denying Leave to Amend**

Finally, the Sigarans argue that the district court erred in denying them leave to amend their complaint. They note that they specifically asked for leave to amend in their response to U.S. Bank's motion to dismiss and that they had never previously amended their complaint. While the Sigarans are correct that leave to amend should be "freely given," *see Foman*, 371 U.S. 178, 182, the district court still retains the discretion to deny leave to amend. A district court acts within that discretion when it denies leave to amend because any amendment would be futile. *See id.* Amending a complaint is futile when "the proposed amendment . . . could not survive a motion to dismiss," *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010), or when "the theory presented in the amendment lacks legal foundation," *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985).

Here, all of the Sigarans' claims are either foreclosed by precedent, time-barred, or waived. They have never explained—either before this Court or the district court—how they could amend their complaint to avoid these problems. In fact, their briefing merely asks this Court to ignore the precedent that forecloses many of their claims. Because any amendment would be futile, we hold the district court did not abuse its discretion in denying the Sigarans leave to amend their complaint.

## V. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.