# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-20197
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 25, 2014

Lyle W. Cayce
Clerk

DONALD E.  LITTLE,

> Plaintiff – Appellant,

v.

SKF SVERIGE AB; SKF INTERNATIONAL AB; SKF USA, INCORPORATED; ROLLS-ROYCE NORTH AMERICA, INCORPORATED; ROLLS-ROYCE COMMERCIAL MARINE, INCORPORATED; BLACK, SREBNICK, KORNSPAN & STUMPF; ROLLS-ROYCE AB, INTERNATIONAL; GEORGE LOWE,

> Defendants – Appellees,

v.

AKTIEBOLAGET, SKF; MARIN,

> Appellees.

Appeal from the United States District Court for
the Southern District of Texas
USDC No. 4:13–CV–1760

Before STEWART, Chief Judge, and ELROD  and  HIGGINSON,  Circuit Judges.

No. 14-20197

PER CURIAM:*

Plaintiff-Appellant appeals the district court's grant of Defendants-Appellees' motions to dismiss this suit.  We affirm.

## I.

In 2002 and 2003, Defendants-Appellees SKF International AB and SKF Sverige AB (collectively, the "Swedish Defendants") entered into agreements with Rolls-Royce AB ("Rolls-Royce") for the development, design, and repair of bearings to be used in a Rolls-Royce propulsion system on cruise ships. Plaintiff-Appellant Donald E. Little ("Little") worked as an attorney for a Rolls-Royce company defending lawsuits filed against Rolls-Royce entities related to malfunctions in the propulsion system.[1]  While litigating these cases, Little alleges that he "developed trade secrets that both explained the failures [of the propulsion system] and provided a solution."

Rolls-Royce alleged deficiencies in the Swedish Defendants' products, and an arbitration between the companies resulted in a confidential settlement agreement.  Little alleges that this settlement agreement unfairly transferred the rights to Little's trade secrets, and also defamed and defrauded him.

## II.

On March 22, 2013, Little brought suit against the Swedish Defendants in Texas state court.  On April 4, 2013, he amended his petition to add, *inter alia*, SKF USA.  All defendants thereafter removed the suit to the United States District Court for the Southern District of Texas.  The Swedish Defendants moved to dismiss on August 19, 2013, and SKF USA moved to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] We accept all well-pleaded facts in Little's amended complaint as true.  *See Johnson v. Teva Pharm. USA, Inc.*, 758 F.3d 605, 614 (5th Cir. 2014).  Where noted, we accept as true the facts pled in Little's stricken "Third Amended Complaint."

2

No. 14-20197

dismiss on November, 22, 2013.  On January 21, 2014, Little attempted to file a "Third Amended Complaint."[2]  Because he failed to request leave to amend, the magistrate judge struck that pleading from the record.

On January 31, 2014, the magistrate judge recommended dismissal of all of Little's claims.  One week later, on February 7, 2014, Little sought leave to file his Third Amended Complaint.  On February 17, 2014, Little sought to supplement his Third Amended Complaint.  On February 24, 2014, the district court entered an order adopting the magistrate judge's recommendation and denied Little's motion for leave to amend.

## III.

The district court dismissed the Swedish Defendants on the ground that the court could not exercise personal jurisdiction over them.  We review de novo a district court's decision to dismiss for lack of personal jurisdiction.  *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 753 F.3d 521, 528–29 (5th Cir. 2014).  Little challenges that finding, though he provides no substantive argument in his brief on the point.  Even if we were to conduct our jurisdictional analysis based on the supplement to Little's Third Amended Complaint, his most elaborate and recent pleading, we would agree with the district court that Little could not obtain personal jurisdiction over the Swedish Defendants.

Little alleges that the "SKF defendants[] act for legal prosecution purposes and settlement purposes as one, the 'SKF Group,'"; "[e]ach of the named Defendants has subjected itself to jurisdiction in the courts of Texas by virtue of engaging in and/or carrying on a business or business venture in this state with Plaintiff"; and "Defendants all have extensive, systematic and continuous contacts with and dealings in the State of Texas and this District."

---

[2] The record does not appear to contain a second amended complaint.

3

No. 14-20197

As the magistrate judge noted, Little does not differentiate between the different SKF entities, and we agree that his threadbare allegations do not suffice to justify piercing the veils of the various SKF corporate entities. As to general jurisdiction, the Swedish Defendants' affiliations with Texas are not "so continuous and systematic as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (internal quotation and citations omitted). Neither are the Swedish Defendants' contacts with Little alone sufficient to allow the Texas courts to exercise specific jurisdiction over them. *See Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) ("[O]ur 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."). Thus, we AFFIRM the district court's dismissal of the Swedish Defendants.[3]

## IV.

The district court dismissed Little's complaint against SKF USA for failure to state a claim under Fed. R. Civ. P. 12(b)(6). We review de novo a district court's decision to dismiss for failure to state a claim. *See Warren v. Chesapeake Exploration, L.L.C.*, 759 F.3d 413, 415 (5th Cir. 2014). After considering Little's arguments on this issue as briefed on appeal, we find them without merit. The facts pled in his various complaints—including those in his stricken Third Amended Complaint—fail to convey sufficient information about SKF USA's misappropriation of Little's trade secrets and similarly fail to provide adequate information about the nature of his defamation claim. Little himself acknowledges that he failed to sufficiently plead his fraud

---

[3] In light of our jurisdictional holding, we do not reach Little's contentions related to service of process on the Swedish Defendants.

allegation.    We therefore AFFIRM the district court's decision to dismiss Little's claims against SKF USA.

## V.

Little's final contention is that the district court erred in refusing to grant him leave to amend his complaint.  We review a denial of leave to amend for abuse of discretion.  *See Simmons v. Sabine River Auth. Louisiana*, 732 F.3d 469, 478 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1876 (2014).

Although we recognize that leave to amend should generally be "freely given," *see Foman v. Davis*, 371 U.S. 178, 182 (1962), the district court "acts within [its] discretion when it denies leave to amend because any amendment would be futile." *Sigaran v. U.S. Bank Nat'l Ass'n*, 560 F. App'x 410, 416 (5th Cir. 2014) (citing *Foman*, 371 U.S. at 182).

Contrary to Little's suggestion otherwise, the district court did rule on his motion for leave to amend.  The court denied it, stating that "allowing amendment would be futile, as the proposed third amended complaint does not adequately correct the deficiencies noted" in the magistrate judge's memorandum and recommendation.  We agree, and decline to find an abuse of discretion.  Little's Third Amended Complaint retains the same defects the district court found in the operative amended complaint.[4]   We therefore AFFIRM the district court's decision denying leave to amend.

## VI.

For the foregoing reasons, we AFFIRM the district court's dismissal of Little's claims against the Swedish Defendants and SKF USA in all respects.

---

[4] We note that the magistrate judge—after making her detailed findings—offered to "reconsider this recommendation if Plaintiff alleges, in timely filed objections, specific facts that would support a claim against SKF USA." Little never objected to the recommendation.