# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50421
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 13, 2015

Lyle W. Cayce
Clerk

ARTHUR LAGUETTE,

Plaintiff - Appellant

v.

U.S. BANK, N.A., as the alleged Trustee of Specialty Underwriting and Residential Finance Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-BC4; GMFS, L.L.C.,

Defendant - Appellees

Appeal from the United States District Court
for the Western District of Texas
No. 1:13-CV-495

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Arthur Laguette appeals the district court's order granting summary judgment in favor of Defendant-Appellee U.S. Bank, N.A. Laguette argues that U.S. Bank lacked standing to foreclose on his property. For the reasons explained below, we AFFIRM the district court's entry of summary judgment.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50421

## FACTUAL AND PROCEDURAL BACKGROUND

On July 11, 2006, Laguette obtained a home equity loan in the amount of $312,000 from GMFS, L.L.C. to purchase the real property located at 15009 Banbridge Trail, Austin, Texas, 78717. Laguette signed a promissory note (the "Note") agreeing to pay $312,000, plus interest, to GMFS, or to any entity that takes the Note by transfer. Laguette also signed a deed of trust, to secure his obligations under the Note, naming Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and nominee for GMFS. The deed of trust explicitly states that "MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests [granted in the deed of trust] including, but not limited to, the right to foreclose and sell the property." Laguette alleges that U.S. Bank is a trustee of a pool of mortgages organized as a trust (the "Trust"). Laguette further alleges that the Trust is governed by a Pooling and Service Agreement ("PSA") which sets a "cut-off" date of September 1, 2006 and a closing date of September 27, 2006. On December 7, 2009, MERS assigned its interest as mortgagee under the deed of trust to U.S. Bank. Bank of America, N.A., was chosen to serve as U.S. Bank's mortgage servicer.

In April 2008, Laguette fell behind on his mortgage payments. In response, Bank of America, N.A. began foreclosure proceedings. On May 7, 2013, Laguette filed a complaint in Texas state court alleging that U.S. Bank had engaged in a wrongful foreclosure and had violated the Texas Debt Collection Practices Act ("TDCPA"). He further brought suit to quiet title, and asked for an accounting, a declaratory judgment, and an injunction. The 26th District Court, Williamson County, Texas, entered a temporary restraining order, which stopped the foreclosure process on the same day. The foreclosure process has not resumed since the entry of this order.

2

No. 14-50421

After removing the case to the United States District Court for the Western District of Texas, U.S. Bank moved for summary judgment. Laguette filed his own motion for summary judgment shortly thereafter. On February 28, 2014, a magistrate judge issued a Report and Recommendation to the district court, which recommended that the district court grant U.S. Bank's motion for summary judgment and deny Laguette's motion for summary judgment. On April 2, 2014, the district court accepted the magistrate judge's Report and Recommendation, and entered final judgment for U.S. Bank. Laguette's timely appeal followed.

## STANDARD OF REVIEW

"We review a district court's grant of summary judgment de novo, applying the same standard on appeal as that applied below." *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Rogers*, 755 F.3d at 350 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "[T]his court construes 'all facts and inferences in the light most favorable to the nonmoving party.'" *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010)). However, "[s]ummary judgment may not be thwarted by conclus[ory] allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Id.*

## DISCUSSION

Laguette asserts claims for wrongful foreclosure and violations of the TDCPA. He also asks the court to quiet title and for a declaratory judgment and an accounting. However, on appeal, his sole contention is that U.S. Bank

3

did not have standing to foreclose on the property because MERS's assignment of the deed of trust to U.S. Bank was untimely under the PSA.

We have previously considered, and rejected, this argument, applying Texas law. *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013) (stating that "the Reinagels claim that both assignments are void because they violated the [applicable] PSA" by taking place after the closing date listed in the PSA).  In *Reinagel*, we made clear that "[t]he Texas Supreme Court has established 'a presumption . . . that parties contracted for themselves,' which applies 'unless it clearly appears that they intended a third party to benefit from the contract.'"  *Id.* (quoting *Basic Capital Mgmt., Inc. v. Dynex Commercial, Inc.*, 348 S.W.3d 894, 900 (Tex. 2011)).  Accordingly, we held that non-parties to the PSA "have no right to enforce its terms unless they are its intended third-party beneficiaries."  *Id.*

Therefore, while it is true that the closing date in the PSA is September 27, 2006—more than three years before MERS's assignment of the deed of trust to U.S. Bank—Laguette cannot challenge U.S. Bank's authority to foreclose because he has offered no evidence to establish that he was an intended third-party beneficiary of the PSA.  *See id.*  Laguette's attempt to invoke the consequences of a violation of the PSA under the Internal Revenue Code is also unavailing, because he fails to show how those potential consequences affect him as a non-party to the PSA.  *See id.*  Even if he were an intended third-party beneficiary of the PSA, "the fact that the assignments violated the PSA—a separate contract—would not render the assignments void, but merely entitle [him] to sue for breach of the PSA."  *Id.*  Laguette fails even to attempt to distinguish our holding in *Reinagel*.

No. 14-50421

Furthermore, Laguette's reliance on New York law is misplaced.[1] Although "every . . . act of the trustee in contravention of the trust . . . is void," N.Y. Est. Powers & Trusts Law § 7–2.4, "New York courts have treated *ultra vires* actions by trustees as voidable and therefore susceptible of ratification." *Svoboda v. Bank of Am., N.A.*, 571 F. App'x 270, 273 (5th Cir. 2014) (unpublished) (citing *Mooney v. Madden*, 193 A.D.2d 933, 933–34 (N.Y. App. Div. 1993)).  In *Mooney*, the New York Supreme Court, Appellate Division, held that "[a] trustee may bind the trust to an otherwise invalid act or agreement which is outside the scope of the trustee's power when the beneficiary or beneficiaries consent or ratify the trustee's ultra vires act or agreement." *Mooney*, 193 A.D.2d at 933–34.  Given that "the essence of ratification is that the beneficiary unequivocally declares that he does not regard the act in question as a breach of trust but rather elects to treat it as a lawful transaction under the trust," *In re Levy*, 69 A.D.3d 630, 632 (N.Y. App. Div. 2010) (internal citation and quotation marks omitted), any violation "of the PSA that allegedly took place when [Laguette's] mortgage was transferred to the Trust would merely make such a transaction voidable, not void."  *Svoboda*, 571 F. App'x at 273.  This is dispositive because under Texas law "an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable." *Reinagel*, 735 F.3d at 225.

We also reject Laguette's invitation to certify this issue to the Texas Supreme Court.  This court has previously explained that we should exercise our discretion to certify a question "sparingly, certifying only in exceptional cases." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 290 (5th Cir. 2012) (internal brackets and internal quotation marks omitted). Given that the Texas Supreme Court has provided us with sufficient guidance

---

[1] Laguette alleges that the Trust is a New York common law trust.

No. 14-50421

to conclude that Laguette lacks authority to enforce the terms of the PSA unless it was intended for him to be a third-party beneficiary, *see Basic Capital Mgmt., Inc.*, 348 S.W. at 900, we decline to certify this issue to the Texas Supreme Court.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.