Filed 7/29/16  Yvanova v. New Century Mortgage CA2/1
Opinion on remand from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| TSVETANA YVANOVA, | B247188 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. LC097218) |
| NEW CENTURY MORTGAGE CORPORATION et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Russell Kussman, Judge.  Affirmed.

Law Office of Richard L. Antognini, Richard L. Antognini for Plaintiff and Appellant.

Bryan Cave, K. Lee Marshall, Sarah Burwick, Jennifer Steeve for Defendants and Respondents.

_____

Plaintiff Tsvetana Yvanova brought an action against numerous financial institutions, alleging the mortgage and deed of trust on her residence were improperly securitized and assigned from the original lender to a successor mortgagee and trustee, and later improperly sold at foreclosure. Plaintiff alleged instances of transfer fraud, claimed several assignments were ineffective, and denied that the ultimate trustee possessed a valid interest in the property. Although the only cause of action in the operative complaint was entitled "To Quiet Title," plaintiff also sought restitution, damages, and declaratory relief. Defendants demurred to the complaint on the ground that plaintiff failed to state a cause of action for quiet title in that she failed to allege she had tendered the loan balance. The trial court sustained the demurrer without leave to amend on that ground.

We affirmed the trial court's ruling as to the cause of action for quiet title, and also affirmed the court's denial of leave to amend on the ground that plaintiff lacked standing to enforce the assignment and securitization agreements. However, our Supreme Court reversed that ruling, holding that "a borrower who has suffered a nonjudicial foreclosure does not lack standing to sue for wrongful foreclosure based on an allegedly void assignment merely because he or she was in default on the loan and was not a party to the challenged assignment." (*Yvanova v. New Century Mortgage Corp*. (2016) 62 Cal.4th 919, 924 (*Yvanova*).) The Court remanded the matter for reconsideration of plaintiff's request for leave to amend. (*Id*. at p. 943.)

After inviting and considering supplemental briefing from the parties, we again conclude denial of leave to amend was proper because admissions plaintiff made in her complaint and judicially noticeable documents show there is no reasonable probability she can state a cause of action.

**BACKGROUND**

In 2006, plaintiff executed a deed of trust securing a note for $483,000 on residential property in Woodland Hills, Los Angeles County. The lender and beneficiary of the trust deed was New Century Mortgage Corporation (New Century). New Century

2

filed for bankruptcy on April 2, 2007, and on August 1, 2008, was liquidated and its assets transferred to a liquidation trust.

According to the complaint, New Century executed a purported assignment of the trust deed on December 19, 2011, (despite its earlier dissolution) to, according to the recorded assignment, Deutsche Bank National Trust Company (Deutsche Bank) "as trustee for the registered holder of Morgan Stanley ABS Capital I Inc. Trust 2007-HE1 Mortgage Pass-Through Certificates, Series 2007-HE1" (the Morgan Stanley investment trust).  The assignment was prepared by Ocwen Loan Servicing, LLC, which is also listed as the contact for both New Century and Deutsche Bank and as the attorney in fact for New Century.  The assignment bears a notation that it was recorded December 30, 2011.[1]

According to the complaint, the Morgan Stanley investment trust to which the deed of trust was purportedly assigned on December 19, 2011, had a closing date (the date by which all trust deeds must be transferred to the investment pool) of January 27, 2007.

On August 20, 2012, Western Progressive, LLC, recorded a substitution of itself for Deutsche Bank as trustee on the deed of trust, dated February 28, 2012, and also recorded a notice of a trustee's sale, dated August 16, 2012.

A recorded trustee's deed upon sale dated December 24, 2012, states plaintiff's property was sold at public auction on September 14, 2012.  The deed conveys the property from Western Progressive, LLC, as trustee, to the purchaser at auction, THR California LLC, a Delaware limited liability company.

Plaintiff's second amended complaint, which is operative, pleaded a single count for quiet title against numerous defendants including New Century, Ocwen Loan

---

[1] Like the trial court and Supreme Court, we take judicial notice of the existence and contents of the recorded deed of trust, assignment of the deed of trust, substitution of trustee, notices of default and of trustee's sale, and trustee's deed upon sale, but not of disputed or disputable facts stated in those documents. (Evid. Code, §§ 452, subds. (c) & (h) & 453; *Yvanova*, *supra*, 62 Cal.4th at p. 925, fn. 1.)

3

Servicing, LLC, Western Progressive, LLC, Deutsche Bank, Morgan Stanley Mortgage Capital, Inc., and the Morgan Stanley investment trust. Plaintiff alleged the 2011 assignment of the deed of trust from New Century to the Morgan Stanley investment trust was void because New Century's assets had been transferred to a bankruptcy trustee in 2008, and because the Morgan Stanley investment trust had closed to new investments in 2007.

The trial court sustained defendants' demurrer without leave to amend. We affirmed the resulting judgment, concluding a borrower has no standing to state a cause of action for wrongful foreclosure based on the argument that an assignment underlying the foreclosure was void. The Supreme Court reversed our ruling, holding a borrower who has suffered a nonjudicial foreclosure does indeed possesses standing to challenge the foreclosure by arguing an assignment underlying it was void. The Court remanded the matter for us to consider whether plaintiff could amend her complaint to state a cause of action for wrongful foreclosure. The Court expressly declined to address any of the substantive elements of the wrongful foreclosure tort or to decide whether plaintiff has alleged facts showing the assignment from New Century to the Morgan Stanley investment trust was void. (*Yvanova*, *supra*, 62 Cal.4th at p. 924.)

## DISCUSSION

In reviewing a demurrer, "we accept the truth of material facts properly pleaded in the operative complaint, but not contentions, deductions, or conclusions of fact or law. We may also consider matters subject to judicial notice. [Citation.] To determine whether the trial court should, in sustaining the demurrer, have granted plaintiff leave to amend, we consider whether on the pleaded and noticeable facts there is a reasonable possibility of an amendment that would cure the complaint's legal defect or defects." (*Yvanova*, *supra*, 62 Cal.4th at p. 924, fn. omitted.)

Plaintiff argues the transfer of her promissory note and deed of trust from New Century to Deutsch Bank and the subsequent securitization of the note were improper for a number of reasons, and therefore Deutsche Bank had no proper title to her trust deed

4

and no standing to foreclose.  For example, plaintiff argues nothing in the record establishes when her loan was transferred to the Morgan Stanley investment trust.

The point is immaterial.  As *Yvanova* held, a plaintiff can state a cause of action for wrongful foreclosure only if an underlying assignment of the deed of trust "was void, and not merely voidable at the behest of the parties to the assignment."  (*Yvanova*, *supra*, 62 Cal.4th at p. 923.)  The court explained that "only the entity holding the beneficial interest under the deed of trust—the original lender, its assignee, or an agent of one of these—may instruct the trustee to commence and complete a nonjudicial foreclosure. [Citations.]  If a purported assignment necessary to the chain by which the foreclosing entity claims that power is absolutely void, meaning of no legal force or effect whatsoever [citations], the foreclosing entity has acted without legal authority by pursuing a trustee's sale, and such an unauthorized sale constitutes a wrongful foreclosure."  (*Id.* at p. 935.)

An assignment that is merely *voidable*, by contrast, does not support a wrongful foreclosure action.  "California law," the *Yvanova* court explained, "does not give a party personal standing to assert rights or interests belonging solely to others.  [Citations.]  When an assignment is merely voidable, the power to ratify or avoid the transaction lies solely with the parties to the assignment; the transaction is not void unless and until one of the parties takes steps to make it so.  A borrower who challenges a foreclosure on the ground that an assignment to the foreclosing party bore defects rendering it voidable could thus be said to assert an interest belonging solely to the parties to the assignment rather than to herself."  (*Yvanova*, *supra*, 62 Cal.4th at p. 936, fn. omitted; see *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079, 1094-1095.)

Plaintiff argues the assignment of her deed of trust to the Morgan Stanley investment trust was void because it came years after the trust's closing date.  The argument is without merit.

The Morgan Stanley investment trust provides it is to be governed by New York law.  Under New York law, an unauthorized act by a trustee may generally be approved,

5

or ratified, by the trust beneficiary. (*Rajamin v. Deutsche Bank Nat'l Trust Co.* (2d Cir. 2014) 757 F.3d 79, 88; *Mooney v. Madden* (1993) 193 A.D.2d 933, 934 [597 N.Y.S.2d 775, 776].) Because a trust beneficiary "retains the authority to ratify a trustee's *ultra vires* act, such as a late transfer[,] . . . the act . . . must not be void; it must merely be voidable." (*Cocroft v. HSBC Bank USA, N.A.* (7th Cir. 2015) 796 F.3d 680, 689 (*Cocroft*).) Thus "a mortgagor whose loan is owned by a trust, does not have standing to challenge the [mortgage assignee's] possession or status as assignee of the note and mortgage based on purported noncompliance with certain provisions of the [trust's pooling and servicing agreement]." (*Wells Fargo Bank, N.A. v. Erobobo* (2015) 127 A.D.3d 1176, 1178 [9 N.Y.S.3d 312, 314]; see *Jepson v. Bank of N.Y. Mellon* (7th Cir. 2016) 816 F.3d 942, 947 ["New York courts consistently have held that an assignment that fails to comply with the terms of a trust agreement merely is voidable and *not* void"]; *Cocroft*, *supra*, at p. 690 [same]; *Ferguson v. Bank of N.Y. Mellon Corp.* (5th Cir. 2015) 802 F.3d 777, 782-783 [same]; *Rajamin v. Deutsche Bank Nat'l Trust Co.*, *supra*, 757 F.3d at p. 90 [under New York law, unauthorized acts of trustee of investment trust were "not void but voidable"]; *Butler v. Deutsche Bank Trust Co. Ams.* (1st Cir. 2014) 748 F.3d 28, 37, fn. 8 ["the acts of a trustee in contravention of a trust may be ratified, and are thus voidable"]; *Morgan v. Aurora Loan Services, LLC* (9th Cir., Mar. 28, 2016, No. 14-55203) 2016 WL 1179733 at *2 ["an act in violation of a trust agreement is voidable— not void—under New York law"].)

Under these authorities, a post-closing assignment of a loan to an investment trust that violates the terms of the trust renders the assignment voidable, not void. A borrower who has suffered a nonjudicial foreclosure lacks standing to sue for wrongful foreclosure based on a voidable assignment. A contrary holding would empower a stranger to a trust to interfere with the beneficiaries' right of ratification, e.g., to negate the beneficiary's power to approve enrichment of the trust retroactively. No authority or principle supports vesting such power in a stranger to the trust.

6

Plaintiff argues New York law is irrelevant because a choice of law clause in her deed of trust provides the deed of trust is "governed by federal law and the law of the jurisdiction where the property is located," i.e., California. But even if this clause governs the assignment to the Morgan Stanley investment trust, plaintiff offers no California or federal authority supporting her assertion that an assignment to a trust is void if made after the trust's closing date. We therefore reject it. (See *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 [arguments made without "reasoned argument and citations to authority" may be treated as waived].)[2]

Plaintiff appears to argue nothing in the record establishes her deed of trust was actually transferred to the Morgan Stanley investment trust at *any* time. But plaintiff alleges in her second amended complaint that her note "was sold" to the trust in 2007. Sale of the note constituted sale of the deed of trust. (*Yvanova*, *supra*, 62 Cal.4th 919, 927 ["The deed of trust, moreover, is inseparable from the note it secures, and follows it even without a separate assignment"].) If plaintiff means to argue the trustee never obtained physical possession of the trust deed itself, she offers no authority or principle establishing that physical possession, as opposed to ownership, is relevant. In any event, plaintiff's burden on appeal is to demonstrate she can amend her complaint successfully. She does not offer to amend to allege her deed of trust was never putatively assigned, albeit improperly, to the Morgan Stanley investment trust.

Plaintiff argues the assignment of her deed of trust to the Morgan Stanley investment trust was void because the assignor, New Century, had been liquidated years before, and thus had no power to transfer any asset. The argument is without merit.

Plaintiff alleged in her second amended complaint that New Century, through Ocwen Loan Servicing, LLC, sold her note to the Morgan Stanley investment trust. According to a power of attorney recorded in December 2006, which plaintiff provides as

---

[2] Plaintiff argues that whether there has *been* a ratification is ordinarily a question of fact. (*Common Wealth Ins. Systems, Inc. v. Kersten* (1974) 40 Cal.App.3d 1014, 1026.) That is not our issue. Our issue is whether there can *be* ratification.

part of her appellant's appendix, New Century appointed Ocwen Loan Servicing, LLC, as its attorney-in-fact, with the power "to act in the name, place and stead of [Ocwen Loan Servicing, LLC]" and to "execute, acknowledge, seal and deliver . . . assignments of deed of trust/mortgage and other usual and customary recorded documents . . . ."  "On July 15, 2008, the bankruptcy court entered an order confirming New Century's second amended joint chapter 11 Plan.  [Citation.]  This order provided that, '[p]owers of attorney executed by the Debtors prior to their dissolution shall be binding . . . notwithstanding the dissolution of the Debtors.'" (*Richmond v. Select Portfolio Servicing, Inc*. (E.D.N.Y., Feb. 22, 2016, No. 15 Civ. 04980) 2016 U.S. Dist. Lexis 22396 *18.)

Even if Ocwen Loan Servicing, LLC, had no authority to assign plaintiff's deed of trust to the Morgan Stanley investment trust, as plaintiff theorizes, that would still mean the assignment was merely voidable, not void, because a bankruptcy trustee enjoys discretion to ratify transfer of bankruptcy estate assets.  (See 11 U.S.C.S. § 548(a)(1) [bankruptcy trustee may avoid any transfer]; *In re Sinder* (Bankr. S.D.Ohio 1989) 102 B.R. 978, 985 [a bankruptcy trustee may ratify a fraudulent transfer].)

In sum, plaintiff requests leave to amend her complaint to state a cause of action for wrongful foreclosure but never explains exactly what she would allege if given leave to amend other than that a belated assignment was void rather than voidable, a legal conclusion we refute above.  Therefore, no reasonable probability exists that she can amend successfully.

## DISPOSITION

The judgment is affirmed.  Respondents are to receive their costs on appeal.

NOT TO BE PUBLISHED

CHANEY, J.

WE CONCUR:

ROTHSCHILD, P. J.                    JOHNSON, J.

8