**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARRY HALAJIAN, | No. 15-15236 |
| Plaintiff-Appellant, | D.C. No. 1:12-cv-00814-AWI |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST CO., NDEX WEST LLC, JPMORGAN CHASE BANK, N.A., and WHITNEY K. COOK, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted February 16, 2017
San Francisco, California

Before: GOULD and BERZON, Circuit Judges, and GARBIS,[**] District Judge.

In 2005, appellant Barry Halajian obtained a $175,200 home loan from

Fremont Investment & Loan ("Fremont"), secured by a promissory note and deed

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Marvin J. Garbis, United States District Judge for the District of Maryland, sitting by designation.

of trust against his home in Fresno, California. Mortgage Electronic Registration Systems, Inc. ("MERS") was designated nominee for Fremont and its successors and assigns, beneficiary of the deed of trust, and holder of legal title to the loan. At some point thereafter, MERS assigned the loan to the GSAMP Trust 2005-HE4, Mortgage Pass-Through Certificate, Series 2005-HE4 Trust ("the Trust"), for which defendant Deutsche Bank National Trust Co. ("Deutsche Bank") served as trustee. After suffering financial setbacks starting in 2008, Halajian eventually ceased making mortgage payments. Halajian's property was sold at a foreclosure sale on February 14, 2011.

Halajian filed suit against Deutsche Bank, JPMorgan Chase Bank, N.A. ("Chase"), NDEx West LLC, and Chase employee Whitney Cook, alleging (as relevant here) claims for wrongful foreclosure, quiet title, and a violation of Cal. Civ. Code § 2923.5. The nucleus of Halajian's legal theory was that Deutsche Bank lacked the power to foreclose because (1) Fremont was out of business at the time the loan was assigned to Deutsche Bank as trustee for the Trust; (2) the loan and deed of trust were assigned to Deutsche Bank after the closing date of the Pooling and Servicing Agreement (PSA), and were therefore void; and (3) Halajian never received proper notice of the loan, and did not have an adequate opportunity

2

to discuss alternatives to foreclosure, as required by California law.[1]  The district court dismissed most of Halajian's claims, and after discovery, granted summary judgment to all defendants on Halajian's sole remaining claim, for wrongful foreclosure.  We affirm.

**1.**       The district court did not err in granting summary judgment on Halajian's wrongful foreclosure claim.

Halajian first contends that Deutsche Bank lacked authority to foreclose on his loan because the loan was assigned to the Trust after the closing date specified in the PSA governing the Trust.   The district court held that Halajian lacked authority to enforce the terms of the PSA, including the closing date, because Halajian was not a party to that agreement.

The California Supreme Court, applying New York law, has since held that where an alleged defect renders the assignment *void* – wherein it "binds no one and is a mere nullity" – the borrower may challenge the assignment in court regardless of whether the borrower was a party to the pooling and servicing agreement under which the assignment was made.  *Yvanova v. New Century Mortg. Corp.*, 62 Cal.

---

[1] Under Cal. Civ. Code § 2923.5, a mortgage servicer must contact a borrower (or exercise due diligence in attempting to contact the borrower) at least thirty days before issuing any notice of default to assess the borrower's financial situation and explore any potential alternatives to foreclosure.

4th 919, 929, 942–43 (Cal. 2016) (citation omitted).  When an alleged defect merely renders the agreement "voidable," and the parties to the assignment may ratify it, the borrower may not challenge the assignment.  *Id*. at 936.

Yvanova did not address whether the particular defect alleged by Halajian renders the assignment voidable, rather than void.  Nor has the New York Court of Appeals.  But the Second Circuit has held that the weight of New York authority indicates that it is voidable rather than void.  *See Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 88–89 (2d Cir. 2014).  "In the absence of compelling reasons, we would not create a circuit split with the circuit that encompasses New York regarding the meaning of New York law."  *United States v. Rivera-Ramos*, 578 F.3d 1111, 1113 (9th Cir. 2009).  No compelling reasons have been presented.  We therefore conclude that even if Halajian's loan was assigned to the Trust after the designated closing date, that defect in the assignment was voidable rather than void.  Consequently, Halajian lacks the authority to challenge that defect.[2]

Halajian next proposes that the defendants failed to prove an unbroken chain of title between Fremont and Deutsche Bank, and that Deutsche Bank therefore had

---

[2] To the extent that Halajian argues that language in the deed of trust (to which he *was* a party) conferred on him the right to enforce the terms of a separate agreement (the PSA), that argument is not supported by the text of the deed of trust, nor by our case law.

4

no authority to foreclose. He contends that Fremont, the originator of his loan, was out of business before Deutsche Bank became trustee. But in a wrongful foreclosure action, the burden rests with the *plaintiff* to demonstrate a break in the chain of title under California law. *See Yhudai v. Impac Funding Corp.*, 205 Cal. Rptr. 3d 680, 686 (Cal. Ct. App. 2016). Halajian has failed to meet that burden. At most, Halajian has demonstrated that Fremont ceased doing business as a bank, but the same documents he cites indicate that it continued to exist as a legal entity thereafter. Moreover, the deed of trust expressly confers on MERS the power to act on behalf of Fremont's "successors and assigns." Therefore, even if the loan passed to Fremont's corporate successor, MERS was still authorized to sell the loan to the Trust, with Deutsche Bank as trustee.[3]

**2.** The district court did not err in dismissing Halajian's claim under Cal. Civ. Code § 2923.5. Under California law, when a mortgage servicer fails to comply with the terms of Section 2923.5, the remedy is a delay of the foreclosure sale. *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 231–32 (Cal. Ct. App. 2010). This rule exists in large part "to ensure stability of title after a trustee's

---

[3] Halajian argued in the district court that Cook was a "known robosigner" who lacked authority to act on MERS's behalf, but the defendants presented uncontroverted evidence in the district court establishing that Cook was a MERS officer. Halajian does not press this argument on appeal.

sale," and to preserve the general rule that a foreclosure sale is final and binding. *Id*. at 215, 235. As the relevant foreclosure sale had already occurred by the time Halajian brought this action, he cannot state a claim under Section 2923.5.

**3.** The district court did not err in dismissing Halajian's claim for quiet title. As a general principle, a plaintiff may not state a claim for quiet title unless he or she is prepared to tender the full amount of the outstanding debt. *Chavez v. Indymac Mortg. Servs.*, 162 Cal. Rptr. 3d 382, 390 (Cal. Ct. App. 2013). Halajian concedes that he never alleged tender at any point, but argues that an exception exists where a foreclosure sale is "void" rather than voidable. As discussed above, however, Halajian has failed to demonstrate a genuine issue of material fact regarding whether the assignment of his loan, and by extension the foreclosure sale, was void.

**AFFIRMED.**