**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE RAMOS; EUFROCINIA RAMOS, | No.    15-16668 |
| Plaintiffs-Appellants, | D.C. No. 3:14-cv-04909-EMC |
| v. | |
| JPMORGAN CHASE & CO.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; WELLS FARGO BANK N.A., as Trustee for the Greenpoint Funding Trust 2005-AR5, Mortgage Pass-Through Certificates, Series 2005-AR5; QUALITY LOAN SERVICE CORP, | MEMORANDUM * |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted April 21, 2017**
San Francisco, California

Before:  TROTT and IKUTA, Circuit Judges, and FABER,*** District Judge.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable David A. Faber, United States District Judge for the Southern District of West Virginia, sitting by designation.

This diversity action concerns a home foreclosure. Appellants, who are third parties to the assignment at issue, argue that Structured Asset Mortgage Investments II, Inc.'s ("SAMI") assignment of the loan to the AR5 trust was defective because SAMI did so without proper endorsement of the Note or assignment of the deed of trust ("DOT"). Appellants further contend that such a defective transfer breached the governing terms of the Pooling and Servicing Agreement ("PSA"), and was thus ineffective.

We disagree. First, PSA violations such as failing to assign the DOT or endorsing the Note render a mortgage assignment *voidable*, not *void*. *Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 815 (2016). *Yvanova v. New Century Mortgage Corp.* did not address whether "an assignment to a securitized trust made after the trust's closing date is void or merely voidable," 62 Cal. 4th 919, 941 (2016). But post-*Yvanova* California authority has consistently held that such an assignment is merely voidable. *See, e.g.*, *Mendoza v. JPMorgan Chase Bank, N.A.*, 6 Cal. App. 5th 802, 805 (2016); *Yhudai v. Impac Funding Corp.*, 1 Cal. App. 5th 1252, 1259 (2016); *Saterbak*, 245 Cal. App. 4th at 815. Nothing suggests that the California Supreme Court would hold to the contrary. Appellants therefore lack standing to contest the validity of loan assignments. *See Saterbak*, 245 Cal. App. 4th at 815.

Second, Mortgage Electronic Registration Systems ("MERS") was

empowered to assign its beneficial interest in the DOT to Wells Fargo, which could then instruct the trustee to initiate foreclosure proceedings. The plain language of the DOT confers upon MERS the right to act "as nominee for Lender and Lender's successors and assigns"; MERS retains the express authority to act as historical nominee—no matter *which* entity becomes a successor on the loan.[1] *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1042 (9th Cir. 2011); *see also* Cal. Civ. Code § 2924(a)(1).

Third, because Appellants did not raise any robosigning allegations in their opposition to the motion to dismiss, they have "effectively abandoned [their] claim, and cannot raise it on appeal." *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006).

Finally, the securitization of Appellants' loan and/or the DOT assignment are the bases for Appellants' six causes of action.[2] Since these premises are unavailing, the district court properly dismissed Appellants' complaint completely. Additionally, the district court properly denied Appellants leave to amend their complaint since "[a]ny amendment to [the] complaint would be futile." *Haskell v. Harris*, 745 F.3d 1269, 1275 (9th Cir. 2014).

---

[1] Relatedly, we reject the arguments that there is no viable successor in interest to Appellants' loan and that MERS's absence on the note somehow obliterates its authority under the DOT.

[2] (1) Wrongful Foreclosure; (2) Quiet Title; (3) Fraud; (4) Violation of Bus. & Profs. Code, § 17200, *et seq.*; (5) Unjust Enrichment; and (6) Accounting.

**AFFIRMED.**