NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TSUNEYOSHI SURUKI, | No. 17-15039 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00773-JST |
| v. | |
| OCWEN LOAN SERVICING, LLC, et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted March 13, 2018**
San Francisco, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and FEINERMAN,***
District Judge.

Tsuneyoshi Suruki appeals the dismissal of this suit, which pressed several

claims arising from the nonjudicial foreclosure of his property in 2012.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Gary Feinerman, United States District Judge for the
Northern District of Illinois, sitting by designation.

**1.** Suruki suggests that this court lacks subject matter jurisdiction because no Defendant is a "beneficiary of the original lender" and, as such, any order granting Defendants the "potential right to proceed in wrongful foreclosure against [Suruki's property] … is unfair and unjust and void." That argument speaks to the merits of Suruki's claims, not jurisdiction. *See Trs. of Screen Actors Guild-Producers Pension & Health Plans v. NYCA, Inc.*, 572 F.3d 771, 775 (9th Cir. 2009) ("The two concepts [subject matter jurisdiction and the merits], of course, are distinct: the former determines whether the plaintiff has a right to be in the particular court and the latter is an adjudication as to whether a cognizable legal claim has been stated.") (internal quotation marks and citation omitted). As the district court held, jurisdiction lies over this suit under the diversity statute, 28 U.S.C. § 1332.

**2.** Suruki's wrongful foreclosure claim alleged that the foreclosure of his property was unlawful because his loan was assigned to a securitized trust, Fremont Home Loan Trust 2006-B, more than 90 days after the closing date set forth in the trust's Pooling and Servicing Agreement ("PSA"). The district court held in dismissing the original complaint that Suruki lacked standing to challenge the loan's assignment, and it reaffirmed that view when dismissing the amended complaint. On appeal, Suruki again asserts that the belated assignment "render[ed] the foreclosure void," leaving Defendants without "any beneficial interest in his

loan."

A plaintiff may claim that a "nonjudicial foreclosure was wrongful" if the assignment "by which the foreclosing party purportedly took a beneficial interest in the deed of trust was not merely voidable but void." *Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845, 861 (Cal. 2016); *see also In re Turner*, 859 F.3d 1145, 1149 (9th Cir. 2017) (same). We have held, however, the precise defect alleged by Suruki in the assignment of his loan—a failure to comply with the terms of a securitized trust's PSA that is governed by New York law—renders the assignment voidable, not void. *See In re Turner*, 859 F.3d at 1149 (affirming dismissal of a wrongful foreclosure claim because the "fact that the assignments of [a Deed of Trust] were made well after the ninety-day timeframe [in which assets were required to be transferred into a mortgage-backed security trust] merely rendered the transfer voidable, not void"). It follows that the district court was correct in holding that Suruki may not claim wrongful foreclosure based on the belated assignment of his loan to Fremont Home Loan Trust 2006-B.

Suruki gestures at two additional arguments to support his wrongful foreclosure claim. First, he suggests that "[a]ny interest held by MERS in Plaintiff's mortgage loan was extinguished upon the sale to the MBS Trust for the additional reason that CWALT, Inc, the trust's depositor, has never been a member of the MERS registry." That contention is doubly forfeited, as it is inadequately

developed in Suruki's appellate brief and was not presented below. *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) ("The usual rule is that arguments raised for the first time on appeal or omitted from the opening brief are deemed forfeited."); *Brownfield v. City of Yakima*, 612 F.3d 1140, 1149-50 n.4 (9th Cir. 2010) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim … ." (quoting *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994))).

Second, Suruki suggests that because the amended complaint alleged that Defendants lacked any interest in his property, Defendants should have had to show that they were entitled to foreclose on his property in order to obtain dismissal of the wrongful foreclosure claim. California precedent, however, places the burden on plaintiffs. *See Yhudai v. Impac Funding Corp.*, 205 Cal. Rptr. 3d 680, 686 (Ct. App. 2016) (holding that the defendants did not "bear the burden of proving the validity of [a] 2009 assignment" because they had "sued no one," reasoning that "the plaintiff challenging a nonjudicial foreclosure … has the burden to prove it was wrongful"). In any event, Suruki's premise—that the amended complaint adequately alleged that Defendants lacked any interest in his property—is wrong. As shown above, Suruki cannot pursue relief premised on the belated assignment of his loan to Fremont Home Loan Trust 2006-B. And the only other grounds that Suruki provides for concluding that the amended complaint

properly alleged that Defendants lacked any interest in the property—his allegations that Defendants' "documents are ante-dated [and] misrepresent[] material facts and entities, [thereby] … render[ing] the instrument void," and that Defendants "conducted [an] unlawful defective 'auction' sale"—are not properly developed or supported by case law, and therefore are forfeited. *See Brownfield*, 612 F.3d at 1149-50 n.4 ("[W]e decline to address this argument because it was inadequately briefed.").

Finally, because Suruki failed to address in his amended complaint the deficiencies cited by the district court in dismissing the original complaint's wrongful foreclosure claim, the district court did not abuse its discretion in denying him leave to further amend that claim. *See Loos v. Immersion Corp.*, 762 F.3d 880, 890-91 (9th Cir. 2014) (affirming the dismissal with prejudice of an amended complaint because "Plaintiff failed to correct the deficiencies identified in his original complaint" and "essentially re-pled the same facts and legal theories"); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (affirming a dismissal with prejudice where the plaintiff failed in an amended complaint to correct the deficiencies identified by the district court in dismissing an earlier complaint).

**3.**     Suruki's arguments that the district court improperly dismissed the remaining counts of his amended complaint misrepresent the district court's

decision, are unresponsive or only partially responsive to its rationale for dismissing his claims, and/or are insufficiently developed. It follows that those arguments are either forfeited or meritless. *See Wildwest Inst. v. Kurth*, 855 F.3d 995, 1007 n.18 (9th Cir. 2017) (holding that because a litigant "did not present sufficient argument on this issue … we decline to address it"); *Brownfield*, 612 F.3d at 1149-50 n.4; *Greenwood*, 28 F.3d at 977 ("We review only issues which are argued specifically and distinctly in a party's opening brief. We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim … ." (internal citation omitted)). The same holds for Suruki's arguments that the district court abused its discretion in denying him leave to amend those claims.

**AFFIRMED**.