Filed 10/8/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| GERALD LAMONT MYLES, | B288905 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC661051) |
| v. | |
| PENNYMAC LOAN SERVICES, LLC et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Barbara A. Meiers, Judge. Affirmed.

J. Wright Law Group, Jamie Wright, and Eric C. Jacobson for Plaintiff and Appellant.

Blank Rome, Cheryl S. Chang, Christine Lee for Defendants and Respondents PennyMac Loan Services, LLC and PennyMac Corp.

Burke, Williams & Sorensen, Richard J. Reynolds, Fabio R. Cabezas for Defendant and Respondent MTC Financial Inc.

—————————————

Gerald Myles sued Pennymac Loan Services and others for wrongful foreclosure, claiming the assignment of his mortgage to Pennymac was invalid.  The trial court correctly sustained the defense demurrer because Myles alleged no facts to support his claim.

I

Myles's factual allegations are as follows.  In 2007 Myles got a $880,000 mortgage from Washington Mutual Bank secured by his Los Angeles home.  Myles fell behind in his payments in the summer of 2008 and the debt fell into default.  At oral argument, Myles's attorney said Myles paid nothing on his mortgage after 2008.

On September 25, 2008, the federal government closed Washington Mutual.  The Federal Deposit Insurance Corporation as receiver transferred Myles's mortgage to JPMorgan.

What happened next is the crux of this case.  The ten documents Myles appended to his complaint seem to show JPMorgan assigned Myles's mortgage to Pennymac.  Myles attached Exhibit E to his first amended complaint.  This document is a recorded assignment of Myles's deed of trust from JPMorgan to Pennymac on February 27, 2015.

Myles's Exhibit G is a recorded substitution of trustee dated June 10, 2016.  This document announces Pennymac substituted MTC Financial Inc. dba Trustee Corps as the new trustee on Myles's mortgage.  MTC Financial is Pennymac's co-defendant in this case.

Pennymac and MTC Financial foreclosed on Myles's house on April 24, 2017.

Myles alleged Pennymac and MTC Financial had no rightful claim to foreclose on his home, on the following logic.

Myles alleges Washington Mutual sold his mortgage "to another entity or entities. The entity or entities were not Defendants named in this action."

Concerning Pennymac, Myles's complaint argues his mortgage "was not legally transferred, conveyed, or assigned to Defendant [Pennymac]." Why not? Because Pennymac acquired a debt "nearly eight years after the debt was in default."

So according to his complaint the heart of Myles's case is an allegation that one financial institution may not validly assign a mortgage to another if the mortgage is in default. Such an assignment, Myles concludes, is "void." In other words, Myles claims he had the power to invalidate mortgage assignments by deciding not to pay his mortgage. We now examine that claim as a matter of law.

## II

The trial court rightly sustained the demurrer to Myles's wrongful foreclosure claim, which is illogical and incorrect.

We independently review this question. We assume the truth of the complaint's factual allegations but not its legal conclusions, such as whether a particular assignment was or was not legally void. (*Mendoza v. JPMorgan Chase Bank, N.A.* (2016) 6 Cal.App.5th 802, 810 (*Mendoza*).)

It is not enough for a homeowner merely to allege a mortgage assignment was *voidable*. (*Yhudai v. IMPAC Funding Corp.* (2016) 1 Cal.App.5th 1252, 1256.) Rather, the homeowner must allege facts supporting a legally viable theory as to why the challenged assignment is *void* as a matter of law. (*Kalnoki v. First American Trustee Servicing Solutions, LLC* (2017) 8 Cal.App.5th 23, 44; cf. *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 929–930 [distinguishing between void and

3

voidable contracts].)  Courts examine a plaintiff's argument that an assignment is void to determine if the legal argument is legally correct.  (E.g., *Mendoza*, *supra*, 6 Cal.App.5th at pp. 811–820.)

Myles's legal argument is incorrect because he does not explain how the assignments of his mortgage are void as a matter of law.  His complaint seems to suggest that a borrower, by refusing to pay, can prevent a lender from assigning the debt.  Why?  Myles does not give a logical basis for this strange suggestion.  Neither does he support it with legal authority.  The trial court properly sustained the demurrer.

At oral argument, Myles's attorney argued along the lines that everyone knows there was a lot of monkey business in the mortgage markets in the last decade.  This argument does not save the complaint.

III

Myles's first amended complaint contained five other causes of action.  Myles's appeal fails on these claims.

Two claims were federal in character.  The defendants removed this case to federal court, where a district judge dismissed the two federal claims as invalid and then remanded the case to state court.  (See *Myles v. PennyMac Loan Service LLC* (U.S. Dist. Ct., C.D.Cal, Oct. 10, 2017, No. CV 17-4343) 2017 WL 8181029.)  Review of that ruling is for the Ninth Circuit, not this court.

Another two claims are forfeited.  Myles's opening brief does not discuss his claims for violation of Civil Code section 2934 or for cancellation of written instruments.  This omission is forfeiture.  (See *Davies v. Sallie Mae, Inc.* (2008) 168 Cal.App.4th 1086, 1096.)

4

Myles's final claim is for unfair competition.  This claim fails for want of an underlying claim.  (*AMN Healthcare, Inc. v. Aya Healthcare Servs., Inc.* (2018) 28 Cal.App.5th 923, 950.)

IV

The trial court properly denied leave to amend.  Myles has identified no facts or theories that might rescue his invalid wrongful foreclosure claim.  Nor has he properly established another basis for leave to amend.  He mentions the Rosenthal Act in passing, but his duty is to set forth clearly and specifically the substantive law, the elements of the proposed cause of action, the supporting legal authority, and supporting factual allegations.  The allegations must be factual and specific and not vague or conclusionary.  (*Rossberg v. Bank of America, N.A.* (2013) 219 Cal.App.4th 1481, 1491.)  Myles is not entitled to leave to amend because he has not discharged this duty.

**DISPOSITION**

The judgment is affirmed.  Costs to Pennymac and MTC.


WILEY, J.


WE CONCUR:


GRIMES, Acting P. J.


STRATTON, J.

5