**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



FILED

NOV 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, FKA The Bank of New York, as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2006-OC8 Mortgage Pass-Through Certificates, Series 2006-OC8,<br><br>        Plaintiff-counter-<br>        defendant-Appellee,<br><br>  v.<br><br>ALAN DAVID TIKAL, as Trustee of the KATN Revocable Living Trust; CAA, INC., a Nevada corporation,<br><br>        Defendants,<br><br>  and<br><br>MARGUERITE DESELMS, individually, and as Trustee of The Circle Road Revocable Living Trust Dated November 11, 2010,<br><br>        Defendant-counter-claimant-<br>        Appellant. | No.  20-55993<br><br>D.C. No.<br>5:18-cv-01044-PSG-MRW<br><br><br>MEMORANDUM[*] |

---

     [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, Chief District Judge, Presiding

Submitted November 16, 2021[**]
San Francisco, California

Before:  FERNANDEZ, SILVERMAN, and NGUYEN, Circuit Judges.

Marguerite DeSelms appeals pro se from the district court's judgment in favor of Bank of New York Mellon (BONY) on BONY's claims for cancellation of a 2010 Substitution of Trustee and Full Reconveyance document, and for a declaration that a 2006 deed of trust (the First Deed of Trust) was valid and reflected BONY's senior lien on a property DeSelms had purchased in San Bernardino, California (the Property).  DeSelms also appeals the district court's award of attorney's fees to BONY.[1]  BONY brought this action in its capacity as trustee for the certificateholders of CWALT, Inc., Alternative Loan Trust 2006-OC8, Mortgage Pass-Through Certificates, Series 2006-OC8.  We affirm.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] The district court granted summary judgment to BONY on DeSelms' counterclaims as well, but DeSelms has not challenged that aspect of the judgment on appeal.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Reviewing de novo,[2] we conclude that the district court did not err in entering summary judgment on BONY's claims. Although DeSelms contended that the 2010 Substitution of Trustee and Full Reconveyance extinguished BONY's interest in the Property, there was no genuine issue of material fact that BONY was entitled to cancellation of that document. *See id.* BONY presented evidence that the document was invalid because: it stated that the KATN Trust was the beneficiary of the First Deed of Trust, even though the KATN Trust had no interest therein; and BONY suffered pecuniary loss because it was unable to foreclose on the Property. *See* Cal. Civ. Code §§ 3412–13; *U.S. Bank Nat'l Ass'n v. Naifeh*, 205 Cal. Rptr. 3d 120, 128 (Ct. App. 2016). For the same reason, the district court correctly determined that declaratory judgment was appropriate because there was a substantial controversy between the parties regarding the validity of the First Deed of Trust, and the evidence showed that document was valid. *See Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 272–73, 61 S. Ct. 510, 512, 85 L. Ed. 826 (1941).

None of DeSelms' arguments to the contrary are persuasive. BONY had standing to challenge the 2010 Substitution of Trustee and Full Reconveyance

---

[2] *Evon v. Law Offs. of Sidney Mickell*, 688 F.3d 1015, 1023–24 (9th Cir. 2012).

because that document purported to extinguish BONY's interest in the First Deed of Trust. *See* Cal. Civ. Code § 3412; *cf. Yhudai v. IMPAC Funding Corp.*, 205 Cal. Rptr. 3d 680, 683 (Ct. App. 2016). BONY was the proper party[3] to bring this action, was not required to register in California,[4] and provided sufficient evidence of its existence. DeSelms' bare assertion that BONY's documents were forged does not create a genuine issue of material fact in that regard. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Moreover, the district court correctly determined that DeSelms presented no competent evidence supporting her contentions regarding the purported separation of the note from the deed of trust, the purported assignment of the loan into a closed trust, and the purported payment of her mortgage debt from other sources. *See id*.

We further conclude that the district court did not abuse its discretion in awarding BONY $77,777.50 in attorney's fees pursuant to Federal Rule of Civil Procedure 54(d)(2). *See Stetson v. Grissom*, 821 F.3d 1157, 1163 (9th Cir. 2016); *see also United States v. Hinkson*, 585 F.3d 1247, 1261–63 (9th Cir. 2009) (en banc); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1281 (9th Cir.

---

[3] *See Moeller v. Superior Court*, 947 P.2d 279, 283 n.3 (Cal. 1997); Fed. R. Civ. P. 17(b)(3).

[4] *See* Cal. Corp. Code § 191(d); *see also id.* § 2105(a).

4

1999).  The valid First Deed of Trust explicitly provides for attorney's fees in these circumstances,[5] and the district court's lodestar calculation was well-supported by the record.  *See Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014, 1028–29 (9th Cir. 2000).

**AFFIRMED.**

---

[5] *See Port of Stockton v. W. Bulk Carrier KS*, 371 F.3d 1119, 1121 (9th Cir. 2004); Cal. Civ. Proc. Code § 1021.