Filed 7/20/22  Pai v. Select Portfolio Servicing CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SANJIV PAI, | |
| Plaintiff and Appellant, | G059721 |
| v. | (Super. Ct. No. 30-2017-00952283) |
| SELECT PORTFOLIO SERVICING INC., et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, John C. Gastelum, Judge.  Affirmed.

Stephen F. Lopez for Plaintiff and Appellant.

Wright, Finlay & Zak, Jonathan D. Fink and Cathy K. Robinson for Defendants and Respondents.

Sanjiv Pai, formally known as Sanjeev M. Paidhungat (Pai), appeals from a summary judgment entered in his wrongful foreclosure lawsuit. Pai defaulted on a note secured by a deed of trust recorded against real property. Pai sued several entities alleging the assignment of the deed of trust and substitution of trustee were void. We conclude the court did not err by granting summary judgment. We affirm the judgment.

FACTS

The following facts are undisputed. Pai owned property located in Irvine, California (the Property). He purchased the Property in 2006 after borrowing $403,000 from Sierra Pacific Mortgage Company, Inc. (Sierra). The mortgage was secured by a deed of trust (DOT) on the Property.

The deed listed the lender as Sierra and the trustee as Greenhead Investments, Inc. The DOT provided the following: "'MERS' is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for lender and lender's successors and assigns. MERS is the beneficiary under this security instrument."[1]

On June 20, 2011, MERS recorded an assignment of the DOT to U.S. Bank National Association (US Bank). The assignment provided the following information: "For value received, the undersigned hereby grants, assigns and transfers to [US Bank] as trustee, successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank NA as trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2006-5 all beneficial interest under [the DOT] executed by [Pai], as trustor; to Greenhead . . . as trustee; and recorded [in Orange County]. [¶] Together with the note or notes therein described and secured thereby, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said [DOT]

---

[1] For ease of reading, we have omitted some formatting (such as boldface, underlining, or capitalization) from quoted material found in the complaint, documentary evidence, and briefing.

including the right to have reconveyed, in whole or in part, the real property described therein"[2] (2011 Assignment).

In 2013, Select Portfolio Servicing Inc., (SPS) began servicing the loan. On August 1, 2013, SPS notified Pai the prior loan servicer would no longer accept mortgage payments. In September 2013, SPS sent Pai a letter in response to his questions regarding validation of the debt, the original creditor, the note holder, and other issues. To validate the debt, SPS included a signed copy of the DOT, a copy of the note, as well as a statement reflecting all Pai's account activity.

Approximately two years later, in 2015, Pai and SPS executed a home loan modification agreement. Based on Pai's representations about financial hardship, SPS agreed to waive all unpaid late charges and the new principal balance on the note was reset to $570,334.56, with an interest rate of two percent.

In January 2016, Pai and a SPS representative spoke about the possibility of a second modification. Thereafter, Pai submitted several modification applications in which Pai confirmed the Property was occupied by tenants and he lived at a different location.

Several months later, on July 20, 2016, MERS recorded a "corporate assignment of deed of trust" (2016 Assignment). It provided the following information: "For value received, [MERS] as nominee for [Sierra], its successors and assigns . . . (herein 'Assignor') hereby grants, assigns and transfers to [US Bank] . . . all interest under that certain [DOT] . . . executed by [Pai] . . . to [MERS] as nominee for [Sierra] its successors and assigns and recorded [in Orange County] and all rights accrued or to

---

[2]     The chain of successors is not relevant to the issues raised in this appeal. Accordingly, we will abbreviate "U.S. Bank National Association, as trustee, successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank NA as trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2006-5" as simply US Bank.

3

accrue under said [DOT]."  The document was signed by Bryan Ball, assistant secretary of MERS.

In November 2016, SPS sent Pai notification his loan payment was past due and the Property "may" be referred to foreclosure.  The letter stated that Pai owed $34,400.91 for monthly payments, late fees, and advances.  In addition, SPS's letter informed Pai he could request a copy of his payment history and other documents regarding the loan.  In March 2017, SPS recorded a substitution of trustee, naming Quality Loan Service Corporation (Quality) as trustee of the DOT.

In March and June 2017, Pai submitted additional loan modification applications.  On July 18, 2017, Quality recorded a notice of default.   It stated the property was in foreclosure because Pai was behind in his mortgage payments.  The document stated Pai should contact US Bank to arrange payment to stop the foreclosure.

The Property was foreclosed upon in April 2018.  At the time, the loan was nearly three years past due, even though it was modified in 2015.

In October 2017, before the foreclosure, Pai filed a complaint against SPS and US Bank.  He asserted a non-party recorded the notice of default and the non-party falsely claimed to have contacted Pai in compliance with the Homeowner's Bill of Rights (HBOR) (Civil Code §§ 2923.55 & 2924.17) to discuss options to avoid foreclosure.  He asserted there had been no proper attempts to contact him.

Pai amended the complaint after the foreclosure sale in April 2018.  He alleged causes of action for violation of the HBOR, breach of the implied covenant of good faith and fair dealing, unfair business practices, wrongful foreclosure, quiet title, and "cancellation of instruments."  The court sustained SPS's and US Bank's demurrer to the first amended complaint with leave to amend.  Pai filed a second amended complaint (SAC), which is the operative complaint.

After conducting discovery, SPS and US Bank filed a motion for summary judgment arguing Pai lacked standing to allege a HBOR violation and his other claims

4

failed because there was no evidence of a wrongful foreclosure. Pai filed an opposition, asserting US Bank had the burden of showing the promissory note was endorsed to confirm it had authority to collect on the loan before it could commence foreclosure. His separate statement of facts only disputed fact Nos. 3 and 40. Fact No. 3 asserted the DOT was assigned to US Bank. Pai simply asserted the assignment was void. Fact No. 40 alleged SPS had authority to execute the substitution of trustee on behalf of US Bank. Pai maintained US Bank was not the beneficiary of the DOT and the bank's agent, SPS was not authorized to substitute the trustee. To support these legal conclusions, Pai merely cited to three exhibits (the DOT, the 2016 Assignment, and the substitution of trustee).

The court granted the motion, determining Pai lacked standing to challenge the assignment of the DOT. In the minute order, the court wrote Pai alleged the assignment of the DOT to US Bank was void but failed to plead sufficient facts or present any evidence to create a triable issue that the assignment was void and not merely voidable. Citing to *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 926-927 (*Yvanova*), the court noted a borrower does not have standing to challenge defects in trust assignments that are merely voidable.

The court wrote that it examined the title documents attached to the SAC, including the original DOT, the 2011 Assignment, the 2016 Assignment, the substitution of trustee, the notice of default, and the trustees deed upon sale issued to the buyer at foreclosure. It determined these documents "reflect the proper chain of title, and show the DOT was assigned to . . . [US Bank] on June 9, 2011." It concluded US Bank, as beneficiary, had the authority to direct SPS to enforce the DOT and to instruct the trustee to commence foreclosure proceedings.

The court rejected each of Pai's arguments. "[Pai] submits no evidence to suggest any of the parties in the chain of title lacked authority to assign their interests. Rather, [Pai] alleges the assignment was 'void' because of lack of notice. [¶]

5

Specifically, [Pai] alleges he 'never received any notice of transfer or assignment of Sierra['s] . . . title to the promissory note . . . ." It concluded the lack of notice argument "gives rise at best, to voidable assignments rather than void ones -- that is, the party in the transaction with MERS could ratify its actions." The court repeated the rule Pai would only have standing if the defect in the assignment rendered the transfer void, rather than voidable. (Citing *Yvanova, supra,* 62 Cal.4th at p. 936.)

The court rejected Pai's claim the DOT identified MERS as the beneficiary, but Sierra was the true beneficiary, and therefore, MERS lacked authority to assign the DOT to US Bank. The court explained Pai's argument about MERS's role as the nominated beneficiary had been considered and rejected by other courts. It granted the motion after deciding Pai's reference to three exhibits did not raise a triable issue regarding Pai's standing to assert his claims, which meant all the causes of action would fail. In addition, the court determined summary judgment was appropriate for the alternative reason that Pai cannot establish prejudice beyond the commencement of the foreclosure process, which was insufficient.

DISCUSSION

I. *Relevant Legal Principles and Standard of Review*

Summary judgment is appropriate when the moving party establishes there is no triable issue of material fact under the pleadings and the moving party is entitled to judgment as a matter of law. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 (*Aguilar*).) A defendant moving for summary judgment has the initial burden of presenting evidence sufficient to establish the plaintiff either cannot prove at least one element of, or that there is a complete defense to, each cause of action as alleged in the complaint. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar, supra,* 25 Cal.4th at pp. 850, 853.) A defendant may satisfy this initial burden by presenting evidence that conclusively negates an element of the plaintiff's cause of action or by relying on plaintiff's factually devoid discovery responses to show that plaintiff does not possess,

6

and cannot reasonably obtain, evidence to establish that element. (*Aguilar, supra*, 25 Cal.4th at pp. 854-855.)

If the defendant makes such a showing, the burden shifts to the plaintiff to present evidence demonstrating there is a triable issue of material fact. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar, supra,* 25 Cal.4th at p. 850.) The plaintiff may not rely on the allegations in the pleadings and, instead, must "'set forth the specific facts showing that a triable issue of material fact exists as to that cause of action or a defense thereto.' [Citation.]" (*Aguilar, supra,* 25 Cal.4th at p. 849; Code Civ. Proc., § 437c, subds. (p)(1) & (2).)

"On appeal from the granting of a motion for summary judgment, we examine the record de novo, liberally construing the evidence in support of the party opposing summary judgment and resolving doubts concerning the evidence in favor of that party. [Citation.]" (*Miller v. Department of Corrections* (2005) 36 Cal.4th 446, 460.) However, "'[a]s with an appeal from any judgment, it is the appellant's responsibility to affirmatively demonstrate error and, therefore, to point out the triable issues the appellant claims are present by citation to the record and any supporting authority. In other words, review is limited to issues which have been adequately raised and briefed.' [Citation.]" (*Claudio v. Regents of the University of California* (2005) 134 Cal.App.4th 224, 230.)

II. *Applicable General Legal Principles*

We begin by reviewing our Supreme Court's concise description of a nonjudicial foreclosure sale of property. (*Yvanova, supra,* 62 Cal.4th at pp. 926-927.) "A deed of trust to real property acting as security for a loan typically has three parties: the trustor (borrower), the beneficiary (lender), and the trustee. 'The trustee holds a power of sale. If the debtor defaults on the loan, the beneficiary may demand that the trustee conduct a nonjudicial foreclosure sale.' [Citation.] The nonjudicial foreclosure system is designed to provide the lender-beneficiary with an inexpensive and efficient

7

remedy against a defaulting borrower, while protecting the borrower from wrongful loss of the property and ensuring that a properly conducted sale is final between the parties and conclusive as to a bona fide purchaser. [Citation.] [¶] The trustee starts the nonjudicial foreclosure process by recording a notice of default and election to sell. [Citation.]" (*Id.* at pp. 926-927, fn. omitted.)

"A promissory note is a negotiable instrument the lender may sell without notice to the borrower. [Citation.]" (*Yvanova, supra,* 62 Cal.4th at p. 927.) Therefore, a borrower cannot object to the trustee's assignment of the note and DOT to a different beneficiary/lender. (*Ibid.*) "The deed of trust, moreover, *is inseparable from the note it secures, and follows it even without a separate assignment.* [Citations.]" (*Ibid.,* citing Civ. Code, § 2936 ["The assignment of a debt secured by mortgage carries with it the security"]; *Cockerell v. Title Insurance & Trust Co.* (1954) 42 Cal.2d 284, 291; *United States v. Thornburg* (9th Cir. 1996) 82 F.3d 886, 892.)

"A deed of trust may thus be assigned one or multiple times over the life of the loan it secures. But if the borrower defaults on the loan, only the current beneficiary may direct the trustee to undertake the nonjudicial foreclosure process. '[O]nly the "true owner" or "beneficial holder" of a Deed of Trust can bring to completion a nonjudicial foreclosure under California law.' [Citations.]" (*Yvanova, supra,* 62 Cal.4th at pp. 927-928.)

This legal concept requires we next consider the unique role of MERS, acting as the lender's nominee. "'MERS is a private corporation that administers a national registry of real estate debt interest transactions. Members of the MERS System assign limited interests in the real property to MERS, which is listed as a grantee in the official records of local governments, but the members retain the promissory notes and mortgage servicing rights. The notes may thereafter be transferred among members without requiring recordation in the public records. [Citation.] [¶] Ordinarily, the owner of a promissory note secured by a deed of trust is designated as the beneficiary of the

8

deed of trust.  [Citation.]  Under the MERS System, however, MERS is designated as the beneficiary in deeds of trust, acting as "nominee" for the lender, and granted the authority to exercise legal rights of the lender.'  [Citation.]"  (*Saterbak v. JPMorgan Chase Bank, N.A.* (2016) 245 Cal.App.4th 808, 816, fn. 6 (*Saterbak*).)

The final legal principle relevant to this appeal is the holding of the *Yvanova* case.  In 2016, our Supreme Court considered the following issue:  "Under what circumstances, if any, may the borrower challenge a nonjudicial foreclosure on the ground that the foreclosing party is not a valid assignee of the original lender?  Put another way, does the borrower have standing to challenge the validity of an assignment to which he or she was not a party?"  (*Yvanova, supra,* 62 Cal.4th at p. 928, fn. omitted.)  The court disapproved of several appellate court opinions holding borrowers had no standing at all.  (*Id.* at p. 939, fn. 13.)  It concluded a borrower has standing if the alleged assignment was void, but not if the assignment was merely voidable.  (*Id.* at p. 923.)

"If a purported assignment necessary to the chain by which the foreclosing entity claims that power is absolutely void, meaning of no legal force or effect whatsoever [citations], the foreclosing entity has acted without legal authority by pursuing a trustee's sale, and such an unauthorized sale constitutes a wrongful foreclosure.  [Citation.]"  (*Yvanova, supra,* 62 Cal.4th at p. 935.)  The *Yvanova* opinion discussed the differences between void and voidable transactions.  "A void contract is without legal effect.  [Citation.]"  (*Id.* at p. 929.)  "A voidable transaction, in contrast, 'is one where one or more parties have the power, by a manifestation of election to do so, to avoid the legal relations created by the contract, or by ratification of the contract to extinguish the power of avoidance.'  [Citation.]  It may be declared void but is not void in itself.  [Citation.]  Despite its defects, a voidable transaction, unlike a void one, is subject to ratification by the parties.  [Citations.]"  (*Id*. at p. 930.)

Post-*Yvanova,* there has developed a body of case authority considering whether defects in the assignment of a DOT and note are void or voidable.  For example,

9

an untimely assignment of a DOT is considered voidable, not void.  (*Yhudai v. IMPAC Funding Corp.* (2016) 1 Cal.App.5th 1252, 1259 (*Yhudai*).)  In the *Yhudai* case, Plaintiff sued his lender following the nonjudicial foreclosure of his residence and the trial court sustained the lender's demurrer without leave to amend.  (*Id.* at p. 1254.)  Plaintiff borrowed money from the lender, and secured the loan with a DOT against the residence.  The lender sold the promissory note to a securitized investment trust formed under New York law pursuant to a pooling and service agreement (PSA).[3]  (*Ibid.*)  Under the terms of the PSA, the loan had to be transferred into the trust by a certain date.  Two years after that deadline, the lender's beneficiary recorded an assignment of deed of trust transferring to "Deutsche Bank, as trustee of the ISA Trust, '[a]ll beneficial interest' under the deed of trust 'together with the [p]romissory [n]ote secured by said [d]eed of [t]rust' . . . ."  (*Id.* at p. 1254.)

Thereafter, Deutsche Bank substituted in a new trustee, who recorded a notice of default.  (*Yhudai, supra,* 1 Cal.App.5th at p. 1255.)  The trustee sold the property in foreclosure and Plaintiff filed a lawsuit alleging the assignment was void because it occurred after the PSA designated deadline.  (*Ibid.*)  The appellate court determined Plaintiff lacked standing because the untimely assignment was voidable, not void.  It reasoned, "unauthorized acts by trustees may generally be approved, or ratified, by the trust beneficiaries" and a stranger to the trust should not have the power to interfere with the beneficiaries' right of ratification by declaring the transaction void.  (*Id.* at p. 1259.)

Other appellate courts have considered other violations of PSAs or federal laws, and have determined borrowers lack "standing to challenge late transfers or other

_____

3          "A securitized investment trust is created by pooling the loans into a trust and selling to investors the right to receive the mortgage interest and principal payments. [Citation.]  Terms of the trusts and the rights and obligations of the parties are set forth in a pooling and service agreement. [Citation.]"  (*Yhudai, supra,* 1 Cal.App.5th at p. 1254, fn. 2.)

defects in the securitization process." (*Mendoza v. JPMorgan Chase Bank, N.A.* (2016) 6 Cal.App.5th 802, 815 (*Mendoza*) [borrower lacked standing to challenge untimely assignment of mortgage to a securitization trust on basis of negative tax consequences and robo-signing].) On the other hand, the court in *Sciarratta v. U.S. Bank National Assn.* (2016) 247 Cal.App.4th 552, 564, determined a borrower had standing to challenge an assignment when there was evidence a lender assigned all beneficial interest in a DOT and the note to one bank and a few months later assigned the same interests to a different bank.

III. *Motion for Summary Judgment*

In his appeal, Pai first argues the underlying facts are not in dispute and show Sierra, not US Bank, was the beneficiary of the promissory note at the time of the foreclosure sale. He asserts there was no evidence of a transfer of the note to US Bank, and US Bank's trustee's foreclosure sale was wrongful. He acknowledges the July 2016 assignment of the DOT but claims this assignment did not prove the note was endorsed over to US Bank. Pai asserts US Bank had to show it possessed the note before commencing foreclosure. These contentions and his briefing fail to acknowledge the burdens of proof required to prevail on and defeat a summary judgment motion.

We begin by examining whether the moving parties presented evidence sufficient to negate an element of Pai's case or established there is a complete defense to the causes of action. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar, supra,* 25 Cal.4th at pp. 850, 853.) Here, SPS and US Bank presented evidence to support the complete defense of lack of standing. First, they presented documents reflecting a proper chain of title making US Bank the beneficiary of the DOT and note. Second, they discussed case authority holding a borrower only has standing to challenge a foreclosure sale if he can establish the assignment of the DOT and not were void, not merely voidable. The court examined the evidence and determined Pai lacked standing to raise claims based on a purported voidable assignment of the DOT and note. "'Standing is a threshold issue,

11

because without it no justiciable controversy exists.' [Citation.]" (*Saterbak, supra,* 245 Cal.App.4th at p. 813.)

We agree with the trial court's determination SPS and US Bank met their burden as moving parties. They presented evidence showing US Bank properly acquired a beneficial interest in the loan prior to foreclosure of the Property. The record contains two assignments, recorded five years apart, transferring Sierra's interests in the DOT and note to US Bank.[4] The 2011 Assignment of the DOT showed MERS assigned to US Bank "all beneficial interest" under Pai's deed of trust "together with the note . . . therein described and secured thereby . . . ." It specifically mentions assignment of both the DOT and the note. The 2016 Assignment expressly stated MERS "as nominee for Sierra" assigned to US Bank "all interest under" Pai's executed DOT "and all rights accrued or to accrue under said [DOT]." Although this version does not mention the word "note," the document's reference to "all interest under" the DOT and "all rights accrued" under the DOT clearly refer to the note described and secured by the DOT. Thus, both assignments granted, assigned, and transferred Sierra's interest in the DOT and rights to the $403,000 note described therein.

As mentioned, the nonjudicial foreclosure statutes are a comprehensive scheme designed to provide beneficiaries with an efficient remedy while at the same time protecting the borrower from a wrongful loss of property. (*Moeller v. Lien* (1994) 25 Cal.App.4th 822, 830.) As a result, a nonjudicial foreclosure sale is presumed to have been conducted regularly, and the burden of proof rests with the party attempting to rebut this presumption. (*Melendrez v. D & I Investment, Inc.* (2005) 127 Cal.App.4th 1238,

---

[4] The trial court had authority under Evidence Code sections 452, subdivisions (c) and (h), and 453 could take judicial notice of the existence and facial contents of the recorded deed of trust, assignment of the deed of trust, substitution of trustee, notices of default and of trustee's sale, and trustee's deed upon sale. "Under Evidence Code section 459, subdivision (a), notice by this court is therefore mandatory. We therefore take notice of their existence and contents, though not of disputed or disputable facts stated therein. [Citation.]" (*Yvanova, supra,* 62 Cal.4th at p. 924, fn. 1.)

12

1258.)  Given the presumption of regularity, the moving parties satisfied their burden of showing the transfer was valid, and the burden shifted to Pai to affirmatively demonstrate impropriety, i.e., establish a triable issue of fact regarding the validity of the transfer documents.

In his opposition to the summary judgment motion, Pai does not maintain there was a mistake with the language of the assignments, that these documents were untimely recorded, or that they suffer from any other defect.  Rather, he alleges "the assignment itself was void" because assignment of a DOT "alone assigns nothing."  Without citing to any supporting legal authority, Pai suggests US Bank had to prove that in addition to the assignment of the DOT, Sierra also *endorsed the note* to US Bank and/or *separately assigned the note* to US Bank.

Essentially, Pai is suggesting US Bank somehow acquired the DOT without the note, leaving Sierra holding an unsecured promissory note.  This is not possible.  A DOT cannot be legally separated from the promissory note it secures.  As mentioned, "The deed of trust . . . *is inseparable from the note it secures, and follows it even without a separate assignment.*  [Citations.]"  (*Yvanova, supra,* 62 Cal.4th at p. 927, italics added.)

Pai acknowledged the above case authority holding the DOT and note are inseparable, but nevertheless he maintains this legal reasoning supports his theory the 2016 Assignment must be considered a nullity without a corresponding endorsement of the note (the debt) itself.  This was not the rule announced in *Yvanova.*  Indeed, Pai failed to cite to any authority holding an assignment of the DOT will always be void unless there is a corresponding separate endorsement of the note.  Moreover, this argument conveniently overlooks that the 2011 Assignment to US Bank specifically included the note and the DOT.  It expressly stated MERS (on behalf of Sierra) assigned the lender's interest in the DOT "together with the note or notes therein described and secured thereby, the money due and to become due thereon, with interest . . . ."  Pai does not

13

suggest why the 2011 Assignment, which mentions both the DOT and note, should be considered a void transfer. Thus, like the trial court, we conclude Pai failed to satisfy his burden of proving assignment of the DOT and note to US Bank was void.

Pai's arguments there was a void transfer due to the lack of an endorsement sounded remarkably similar to the ones raised in other cases discussing the purported defective assignments violating PSA terms. (See *Yhudai, supra,* 1 Cal.App.5th at p. 1259 [assignment in violation of PSA].) We appreciate some PSAs require note endorsements, but it is also settled that the failure to comply with a PSA term renders transfer of the note/DOT voidable, not void. (*Mendoza, supra,* 6 Cal.App.5th at p. 815.) When unauthorized acts by trustees can be ratified by the beneficiaries, the borrower cannot be permitted to interfere by declaring the transaction void. (*Yhudai, supra,* 1 Cal.App.5th at p. 1259.)

To defeat the summary judgment motion, Pai was required to do more than refer to the recorded documents and assert his personal belief trustees must do more than record an assignment of the DOT. To have standing, Pai had the burden of demonstrating why MERS's purported failure to endorse the note resulted in a void, rather than voidable, transfer to US Bank. We conclude the trial court properly granted the motion for summary judgment.

II. *Substitution of Trustee*

Pai alleges the wrong trustee foreclosed on the Property. He reasons that if US Bank never obtained an interest in the DOT and was not the beneficiary, the substitution of trustee naming Quality was void. This argument is dependent on the conclusion the assignment to US Bank was void. As set forth in the previous section of this opinion, this contention is flatly contradicted by the DOT, the 2011 Assignment, and the substitution of trustee. MERS, as nominee beneficiary, had the authority to assign all interests in the note and its security. US Bank as the new beneficiary was authorized to substitute Quality as trustee. (See *Kalnoki v. First American Trustee Servicing Solutions,*

14

*LLC* (2017) 8 Cal.App.5th 23, 39 ["'the Legislature has permitted the beneficiary of a deed of trust to substitute, at any time, a new trustee for the existing trustee'"].)

III.  *Prejudice/Injury*

The trial court gave a second basis for granting summary judgment.  It determined Pai had not established prejudice from the purported void assignment.  Based on our ruling the assignment was valid or merely voidable, we need not express any opinion on this alternative theory supporting the summary judgment motion.

### DISPOSITION

We affirm the judgment.  Respondents shall recover their costs on appeal.


O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


MARKS, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.